[No. 2056. May 8, 1917.]

In re ATCHISON, T. & S. F. RY. CO.

### SYLLABUS BY THE COURT.

Under section 12, c. 54, Laws 1915, the levies specified therein are subject to proportionate reduction only when the aggregate rate of the levy for all county purposes, with stated exceptions, is in excess of five mills.

Appeal from District Court, Sierra County; M. C. Mechem, Judge.

From an order of the district court denying relief against two levies made by the county, the Atchison, Topeka & Santa Fe Railway Company appeals. Affirmed

W. C. Reid, George S. Downer, and C. M. Botts, all of Albuquerque, for appellant. H. L. Patton, Attorney General, Geo. C. Taylor, Assistant Attorney General and E. D. Tittmann of Hillsboro, for appellee.

PARKER, J. This is an appeal by the Atchison, Topeka & Santa Fe Railway Company from an order of the district court of Sierra county denying appellant relief against two levies made by the county. The appellant contends that the general county and general road levies made by the county for the taxes of 1915 are excessive, in view of the fact that they are severally in excess of the ascertained rate, after proportionately reducing the maximum rate allowed therefor. Appellant's entire theory is based upon its construction of section 12 of chapter 54 of the Laws of 1915. That section provides that the counties shall not levy more than five mills on the dollar, for all county purposes, with stated exceptions. It also provides for a maximum rate for state and other levies. The particular paragraph of the section pertinent to the conclusion to be reached in this case provides:

"Each of the tax levies provided by law in force at the time this act takes effect, except said special levies, shall be and hereby is proportionately reduced, so that the aggregate amount of such tax levies shall not exceed the maximum rates respectively specified in this section."

The appellant proffers a mathematical formula which it asserts is the only method by which the portion of the section can be given practical application. It relies somewhat, also, upon the construction given by the different departments of state and certain public officials, which is the same as that for which appellant contends in this case. But it entirely overlooks the plain words of the statute. The Legislature clearly provided that certain

levies should be proportionately reduced, but only in the event that they exceeded, in the aggregate, more than the new maximum rate specified in the same act. Levies, prior to the passage of the act of 1915, were made upon the basis of one-third of the assessed value of property. The law, at that time, provided for certain maximum rates for each of the levies authorized by law, with the exception of two levies which were not limited by such maximum rates. The Legislature has eliminated those provisions as to the maximum rates for each of the purposes specified theretofore by law, and has declared, in effect, that the rate of levy for any specified purpose for which levies are authorized is immaterial so long as the aggregate of the levy for all county purposes, with certain exceptions, shall not exceed five mills on the dollar. In the event that the aggregate of such rates of levy does exceed the five mills, then the Legislature provided that the levies should be proportionately reduced so that the aggregate rate should not exceed the five-mill general maximum. It said no more nor less than this, and no other construction of the paragraph of the section is permissible or justified by the plain intent of the Legislature. Whether the Legislature was spaking to only a proportionate reduction of the levies made in 1914 or those made in 1915, or whether it contemplated that in the event a reduction became necessary the basic figures should be the rate of the levy actually made for each specified purpose or the maximum rate of the levy specified by law for each purpose, it is unnecessary to determine in this case. All that the court determines in this case is that the portion of section 12, c. 54, Laws 1915, heretofore quoted, provides for a proportionate reduction only in the event that the aggregate rate of the levies made by the county, with stated exceptions, is in excess of five mills, the maximum aggregate rate specified by the law of 1915. The findings of the trial court and the admission of appellant show that the aggregate of the levies of the county, in this case, did not exceed five mills.

The judgment of the trial court is therefore affirmed, and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.