WHEELER, J.
In the case of Fowler v. Brown (5 Texas R., 407) it was decided that the act of the 9th of May, 1S3S, “providing for the removal of county seats of justice” is in force. The election of the 13th of September therefore, was not without the. authority of law.
The 2d section of the act (Hart. Dig., art. 838) makes the chief justice oi tlie county the judge of what, shall be a sufficient number of petitioners to authorize (he ordering of an election. It does not require that a majority or anv specified number of persons shall sign the petition.
The act (sec. 1, Hart. Dig., art 337) provides that “a majority of all *151 the votes shall be sufficient” for the removal of a seat of justice from a place not within five miles of the center of the county to a place “ within the limits of live miles from tlie center.”
Note 01. — Bass v. Fontleroy, 11T., 098; Walker v. Tarrant County, 20 T., 16.
By a “majority of the votes” must have been intended a majority of all the votes cast at any election held for that purpose, and not, as seems to have been supposed by the petitioners, a majority of all tlie votes which by possibility might have been east if all the qualified electors of the county had voted.
It is conceded that Linden received a majority of all the votes cast at tlie election held on the 18th of September. It therefore ivas duly elected. By virtue of the election Linden became and was at the date of the passage of tlie act of the Legislature of the 15th of January, 1852, the legally-constituted seat of justice of the count}', and the act was merely declaratory and confirmatory in its character.
Biit independently of the election, ive entertain no doubt of the constitutional authority of the Legislature to remove the seat of justice of the county. Counties are public corporations. They are created for political purposes, and are subject to the control of the, legislative power of the State. (2 Kent’s Com., 275.) "• A public corporation instituted for purposes connected with the administration of the Government may be controlled by the Legislature, because such a corporation is not a contract within the purview of the Constitution.” (Id., 805.)
The quest ions presented in the present case were considered by the Supreme Court of Indiana in the case of Armstrong v. Commissioners, a parallel case to the present. (4 Blackf. R., 208.) By a statute of 1827, commissioners were appointed to relocate the seat of justice for Dearborn county, and were authorized to receive donations, &e. The statute provided that as soon as the public buildings were completed at the designated place that place should forever thereafter be the permanent seat of justice of the county. Tlie commissioners fixed tlie seat of justice at Lawrenceburgh, receiving from certain persons as a donation an obligation conditioned for building a court house there. Tlie court house was built by the donors, conformably to their contract. By a statute of 1S35 commissioners wore again appointed to relocate the seat of justice of the county, but tlie statute made no provision, in case of removal, for the repayment to the donors of the money they had expended in building the court house. The seat of justice was removed to Wilmington. Upon these facts the court held that the statute of 1835, under the authority of which the seat of justice ivas removed to Wilmington, was not unconstitutional, and that the removal could not be resisted by the persons who built the court house, although no compensation was provided or made them for the building of the court house and the injury sustained by them.
We deem it unnecessary to enter upon a particular examination of the several grounds relied on in support of the appellants’ case. The authorities cited by them are not, it is conceived, applicable to a ease like the present. We think it free from doubt that Linden is legally the scat of justice of the county, both by virtue of the election of the 13th of September, 1851, and the act of the Legislature of the 15th of January, 1852; and we are of opinion therefore that the judgment be affirmed.
Judgment affirmed.