SEVIER TADLOCK v. THE TEXAS MONUMENTAL COMMITTEE.

Repeated decisions of this Court have settled, that an appeal does not lie from a tribunal having a special and limited authority conferred on it by Statute, unless it is expressly provided for.

Appeal from Fayette. Tried below before the Hon. J. H. Bell.

Tadlock, the appellant, applied to the County Court of Fayette county for a discharge in bankruptcy, and tendered a deed of assignment, in which he claimed to have set apart to him two hundred acres of land as a homestead. The deed was rejected and his discharge refused. From this order he appealed to the District Court, which affirmed the decision of the County Court. The appellee was upon his schedule as a creditor for $700, and resisted his application.

*T. J. Harcourt*, for appellant.

*W. G. Webb*, for appellee.

WHEELER, J. The authority conferred upon the Chief Justice of the County by the Bankruptcy Act, of the 19th of January, 1841, (Dig. p. 109, *et seq*.,) is a special and limited authority. The duties assigned appear to be ministerial only; and there is no provision for an appeal from his refusal to perform them. Repeated decisions of this Court have settled that an appeal does not lie from a tribunal having a special and limited authority conferred on it by Statute, unless it is expressly provided for. (Baker v. Chisholm, 3 Tex. R. 157, and cases cited.) There is no provision in the Act conferring the authority, nor in any general law embracing this case, that we are aware of, which will authorise an appeal. We are of opinion, therefore, that no appeal lay to the District Court in this case, and therefore that the appeal to that Court be dismissed.

Dismissed.