LUTHER NAYLOR, NEXT FRIEND, v. J. PARKER NAYLOR, JR., ET AL.

Decided May 4, 1910.

**1.—Appeal—Interlocutory Order.**

No appeal lies from an order of the District Court refusing permission for the next friend representing a minor to withdraw money belonging to him and paid into the registry of the court, on the execution of a bond therefor in accordance with article 3498w, Revised Statutes. It is an interlocutory and not a final judgment, and the law has made no provision for appeal therefrom.

**2.—Minor—Money in Registry of Court—Withdrawal—Constitutional Law.**

Though the appeal is dismissed for want of jurisdiction, the court intimate their concurrence in the ruling of the trial court that money of a minor paid into the registry of the District Court on sale of his interest in lands for the purpose of partition is not entitled to be withdrawn by a person other than his guardian, under article 3498w, Revised Statutes, it not being money recovered on a personal judgment and coming within the terms of that law. The court also question the validity of the Act, as conferring on the District Court partial jurisdiction over the estates of minors, the same being wholly lodged by the Constitution in the County Court.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*Scott, Sanford & Ross,* for appellant.

No briefs for appellees.

RICE, ASSOCIATE JUSTICE.—On the 16th of January, 1909, Mrs. Cora Naylor, in her own proper person, and as next friend of her minor child, James Parker Naylor, Jr., aged seven years, together with a number of other parties as plaintiffs, brought a friendly suit for partition against Otho Miller and quite a number of other defendants in the District Court of McLennan County for partition of 100 acres of land, with the usual averments, alleging that it would be impracticable to partition said land, praying for judgment establishing the interests of the various parties as set out in the petition. A decree was entered establishing the interest of said parties in said land in accordance therewith, including that of said minor, his interest being adjudged to be one-half of one-eighth of one-half of said land, and the court finding that the same was incapable of partition in kind, ordered it sold for the purposes of partition, and appointed a receiver to make such sale, and who thereafter reported to the court

that he made sale of said land as ordered, which was by the court approved, and he was ordered to make a deed to the purchaser upon his complying with the terms of the sale, and paying the purchase money into the registry of the court, the clerk being ordered to distribute said money among the several parties, plaintiffs and defendants, in accordance with their respective interests in said land as established by the judgment of partition, except that of the minors who had no guardians, and as to such minors to retain their proportion thereof in the registry of the court. The interest in the said land of the said James Parker Naylor, Jr., minor, was sold for the sum of $496.43, which was by the clerk retained in the registry of the court for him, and still remains therein.

The appellant, Luther Naylor, as next friend for said minor, on the 30th of April, 1909, filed his application in said court, asking that he be authorized by the court to take charge of said sum of money belonging to said minor by virtue of article 3498w of the Revised Civil Statutes, setting out in his petition that he was a suitable person to take said money and invest the same for the best interests of said minor, showing that said minor had no guardian, either of his person or of his estate, and in connection with said application presented to the court a good and sufficient bond in double the amount of said money.

The court found as a fact that said minor had no guardian of his estate; that Luther Naylor was a suitable and proper person to be appointed by the court to take charge of said funds, if the court was authorized by law to turn same over to him; and further found that the bond presented by him, both in amount and as to the sureties, was a good and sufficient bond, and in all respects complied with the statute, but declined to approve said bond and enter the order allowing said money withdrawn, because under his construction of the law the court had no authority to do so.

The learned trial judge filed the following conclusions of law in support of his ruling refusing to permit said funds to be withdrawn from the registry of the court:

"The Legislature, by an Act passed in 1895, page 3, authorized suits to be brought by next friends for minors, who had no legal guardian, the several sections of said Act being articles 3498u to 3498y, inclusive, of the Revised Statutes. The first section of said Act simply authorized minors having a sufficient cause of action and no legal guardian to bring suit by next friend. The second section of said Act 3498v reads as follows:

" 'Such next friend or the attorney of record of such minor may enter into such agreed judgment or compromise in such suit as the court may approve, and the decree entered upon such agreement or compromise, when approved by the court, shall be forever binding on said minor, and can divest title out of the minor or vest it in him, when the court is satisfied such decree is for the best interest of the minor, under all the circumstances; and the court may hear evidence touching upon such agreement or compromise before approving the same.'

"Section 3 of the Act, article 3498w, Rev. Stats., and the one under which this application is presented, reads as follows:

"'Whenever in any suit pending in this State any minor recovers a personal judgment for money or other personal property, in which the interest of the minor does not exceed the value of $500, and said minor has no guardian, such next friend, or any person authorized by the court to do so, by an order entered of record, may take charge of said money or property for the benefit of said minor, upon giving bond in such sum as shall be ordered by the court, which shall not be less than double the value of the property, conditioned that he will pay over said money and lawful interest thereon, and deliver said property and its increase to the minor when he becomes of age, or to his legally qualified guardian, when demanded, and that he will pay or deliver the same to such person appointed by the court, when ordered by the court to do so, and that he will use such money or property for the benefit of the minor as ordered by the court.'

"It will be observed that the foregoing statute limits the right to have such order entered to cases where the 'minor recovers a personal judgment for money or other personal property.' In the section first quoted it will be observed that the court can enter a compromise judgment, divesting title out of the minor or vesting it in him, and in lieu of the recovery of the title approve a compromise wherein the minor would recover a personal judgment for money or other personal property, and authorizing the settlement by compromise of damage or other suits for personal property.

"It will also be observed that by the third section of said Act, article 3498w, Rev. Stats., the court can only enter an order authorizing any other person, except a legally qualified guardian, to take charge of money or property in possession of the court for the minor, in cases where the minor has recovered a 'personal judgment for money or other personal property.'

"It seems clear that the Legislature had in mind a suit for the recovery of property, either real or personal, and where the right of the minor to such recovery was denied by adverse claimants, such as suits for land, or what are termed damage suits, and that it was never contemplated by the Legislature that that section should be used for any other purpose. In this case, and in fact in all partition suits where no question of title is involved, the suit is not to recover the property. The right of the plaintiff in such cases is admitted, the only purpose of the suit being to set apart to him his interest in severalty, and the judgment which is recovered is one for real estate, and the order of the court directing that the property be sold for partition is a mere incident to a partition, and the minor in such cases in no sense of the term recovers a judgment for money or other personal property.

"If the construction here contended for should be placed upon this statute, the lands of minors in this State when of small value would be in imminent danger of being jeopardized by parties desiring to convert the same into money and obtain possession thereof without complying with our probate laws. Minors can not protect themselves.

Anyone claiming to act as next friend of a minor, where that minor was a tenant in common, could bring suit as next (friend) for such minor, have the minor's land sold for partition, and if the interest of the minor sold for less than $500, apply to the court and get the money out of court, thus depriving the County Court of its exclusive jurisdiction to administer the estate of such minor, which it had before said minor's land had thus been converted into money. I do not believe that the Legislature intended any such results by this Act, independently of the question as to whether or not the Act in question is constitutional. Our Supreme Court has repeatedly held that the purpose of the Constitution of this State was to establish by our probate laws a complete and exclusive system under which the estates of decedents and minors should be administered under the direct supervision and control of the County Court. This procedure seems to be wholly inconsistent with that system, and while the Act may be constitutional as to 'money or other personal property' *recovered* by a next friend in a suit brought by him in the District Court, yet it has established a departure from the mode of administering the estates of minors in this State of long standing, and it should be strictly construed. Had it been intended by the Legislature that in all cases where a minor had money or other personal property in the registry of a court, that it might be withdrawn in the mode provided by article 3498w, it would have been easy for it to have used language conveying that idea definitely. Had such been the intent and purpose of the Act, it would have been framed in language to this effect:

" 'Section 3. Whenever any minor in this State has money or other personal property in the custody of the court, not exceeding the value of five hundred dollars, and such minor has no guardian, any person authorized by the court to do so, by an order,' etc. The language used in the Act in question, taken in connection with the purpose of the Act, can not by rule of construction be given so broad a scope as if it had been thus worded, which is the construction here contended for by applicant herein. The Act having limited the right to withdraw such money or other personal property (to judgment) rendered in favor of such minor, not to exceed the value of $500 in a suit brought for that purpose, I feel unauthorized to permit the withdrawal of the minor's money in this case, which was obtained by a judicial sale of his land, for partition only, his title and right of possession to which were not disputed by any man, but admitted by the defendants in the case."

Appellant, by proper assignments, questions the correctness of the judgment of the court in refusing to make the order prayed for by him, under the circumstances set forth.

We would adopt and make the foregoing conclusions of law the judgment of this court, notwithstanding the fact that we entertain grave doubts with reference to the constitutionality of said statute, on account of the fact that it attempts to give partial jurisdiction over the estates of minors to the District Court, whereas by art. 5, sec. 16, of the Constitution, jurisdiction over such estates seems to

be exclusively given to the County Court; but it will be unnecessary for us to pass upon either the constitutionality of the statute, or to undertake to interpret the same, for the reason that, in our opinion, there was no final judgment. No appeal can be taken from any other than a final judgment of the District or County Court to this court, except from interlocutory orders appointing a receiver or trustee (art. 1383, Rev. Civ. Stats.), and except also from an order granting or dissolving a temporary injunction. See Act of 1907, p. 206, sec. 2. The present appeal, not falling within either of these exceptions, and the order attempted to be appealed from, not being a final judgment, no appeal can be taken from it.

It is not necessary to cite authorities in support of the proposition that no appeal is allowed from any except a final judgment. It has been held that a judgment for contempt on refusal to obey an order requiring payment of alimony is not a final judgment, hence not appealable. (Andrews v. Andrews, Dallam, 427.) And prior to the amendments permitting an appeal from orders refusing to dissolve an injunction or in receivership cases, it was uniformly held that no appeal could be prosecuted from such orders. See Gross v. McClaran, 8 Texas, 342; Ramon v. Conger, 51 Texas, 538; Mabry v. Birge, 44 Texas, 283; East & W. T. Lumber Co. v. Williams, 71 Texas, 450. No appeal can be taken from an order granting a new trial, although two new trials had been previously granted. (Dial v. Collins, 40 Texas, 374.) Nor from a judgment for defendant in proceedings to strike an attorney from the rolls. (State v. Tunstall, 51 Texas, 82.) Nor from an order dismissing a petition for intervention. (Stewart v. State, 42 Texas, 242.) Nor from the refusal of a district judge to certify his disqualification to the Governor. (Grigsby v. Bowles, 79 Texas, 140.) See also Ex parte Will Reeves, 100 Texas, 617.

It has been frequently held that where a special and exclusive authority is given to an officer, and no appeal is provided, his decision is final. See Keenan v. Perry, 24 Texas, 261. The same is true of a tribunal of special jurisdiction where no mode of appeal is provided. See Baker v. Chisholm, 3 Texas, 157; Tadlock v. Texas Monumental Committee, 21 Texas, 166.

The order in question from which this appeal is taken, not being a final judgment, it follows that the appeal itself, not coming within any of the exceptions to the statute giving the party the right to appeal, must be held to confer no jurisdiction upon this court, for which reason the appeal is dismissed.

*Appeal dismissed.*