(No. 2100, January 8, 1918.)

STATE v. ROSENWALD BROS. CO.

SYLLABUS BY THE COURT.

The proceedings had under section 5475, Code 1915, are of a special statutory nature, and no right of appeal from the order of the district court is granted the state or the petitioner under that section, nor by section 1, c. 77, Laws 1915.

"Special proceedings" defined (citing Words and Phrases, Special Proceeding).

Appeal from District Court, Bernalillo County; Raynolds, Judge.

Proceeding by Rosenwald Bros. Company, a corporation, for the correction of assessment books. From a judgment for plaintiff, the State of New Mexico appeals. Dismissed.

H. L. Patton, Atty. Gen., for the State. J. R. Moore, of Albuquerque, for appellee.

OPINION OF THE COURT.

PARKER, J. This case comes to us by appeal from the order and judgment of the district court for Bernalillo county. The proceedings below are initiated under section 5475, Code 1915, by the filing of a petition with the district attorney, by appellee, Rosenwald

Bros., a corporation, wherein it was alleged that the assessment books of said county should be corrected so as to avoid a 40 per cent increase in the assessed valuation of certain property of appellee. The district attorney presented the petition to the court, and the relief prayed for was granted, from which order the state appealed.

The appellee has moved to dismiss the appeal principally on the ground that no appeal lies to this court in such cases. Appellee contends that the proceedings below were of a special statutory nature, and that the statute grants no right of appeal from the action of the trial court, whereas, appellant contends that the latter part of section 2, art. 6, of the State Constitution grants the state the right of appeal, said portion of said section being self-executing, and also that the Legislature intended, by the use of the words "Supreme Court," in section 5475, supra, to grant such right of appeal. Section 5475, Code 1915, provides:

"The assessment book, when delivered to the county treasurer, * * * shall constitute his authority to collect the taxes therein set forth, and he shall not be held liable for any irregularity or illegality in any of the proceedings prior to his receiving said assessment book; and the amounts to be paid as taxes, as shown by said assessment book shall not be altered, reduced or in any manner changed, except by direction of the district or Supreme Court; but this prohibition shall not extend to the correction of obvious clerical errors in names, description of property or computation of amount of taxes. If the treasurer shall discover any errors of other kinds, in said assessment book by which any injustice would be done to any taxpayer, it shall be his duty to report the same to the district attorney, and every taxpayer complaining of any such injustice may submit his complaint to the district attorney; and if the district attorney is satisfied that correction or change should be made so as to avoid injustice to the taxpayer, it shall be his duty to submit the matter to the district court and ask for an order of that court that such change or correction should be made, without cost to the taxpayer injuriously affected."

That section was considered in the case of South Spring Ranch & Cattle Co. v. State Board of Equalization, 18 N. M. 531, 569, 139 Pac. 159, and we held that the section applied to ordinary erroneous assessments

as well as to over-valuation of the taxpayer's property. In State v. Chacon, 19 N. M. 456, 459, 145 Pac. 125, we held that section 2, art. 6, of the State Constitution defined the jurisdiction of this court, but did not confer upon litigants thereby the right of appeal. In· that connection we also held that appeals are the creatures of statutes, and that when the right is not specifically granted by statute, the litigant is not afforded the right to have his case reviewed by a superior tribunal. The contention of appellant—that the second portion of the section is self-executing and confers the right to appeal upon the state—is manifestly foreclosed by the doctrine announced in that case.

The solution of the question of the right of the state to appeal in this proceeding depends upon a construction of section 1, c. 77, Laws 1915. That section provides that any party aggrieved in ''any civil action'' may appeal to the Supreme Court. The section cited amended a portion of the act of 1907 concerning civil procedure. Chapter 57, Laws 1907. A reasonably thorough investigation made by us discloses that a distinction is maintained by the courts between ordinary civil actions and special proceedings founded upon statute. It has been held that no appeal exists in the latter class of cases, unless the statute specifically grants the same, the courts or tribunals in such cases exercising special and limited jurisdiction. Kimber v. Schuylkill County, 20 Pa. (8 Harris) 366, 368; Margraff v. Cunningham's Heirs, 57 Md. 585, 589; Baker v. Chisholm, 3 Tex. 157; Tadlock v. Texas Monumental Committee, 21 Tex. 166; Gadd v. Com'rs. 82 Md. 646, 33 Atl. 433; Gabler v. Black, 210 Pa. 541, 60 Atl. 257; Wells v. Thomas, 72 Md. 26, 19 Atl. 118; Naylor v. Naylor, 60 Tex. Civ. App. 606, 128 S. W. 475. In none of these cases is it made clear that the doctrine announced is any different from the doctrine we announced in the Chacon Case, supra, that the right to appeal must be based upon statute. But the inference seems permissible, from an examination of those cases, that unless the right is specifically granted in the act under which the proceedings are created, or by a spe-

cific subsequent act, none exists. Those cases all concern special or summary proceedings, such as annexation, abatement of taxes, divorce and election proceedings, as distinguished from ordinary civil actions. The question, however, is more squarely presented in cases hereafter to be noted. Thus in Phillips v. Corbin, 25 Colo. 62, 65, 49 Pac. 279, 280, it was held that a statute allowing appeals from ''all final judgments and decrees of the county court'' did not authorize an appeal from a judgment of the county court in a proceeding looking to the annexation of contiguous towns, such a proceeding being held to be special. Speaking to the effect of the general provision of the statute allowing appeals from the county court, the court said:

"It is evident, therefore, that, by the enactment of this section, the Legislature had not intended to provide  *  *  * for appeals in such proceedings, but that it had reference only to appeals from judgments which were rendered by the county court in the exercise of the jurisdiction conferred by section 1; that is, a 'civil action.'  *  *  *  *"

In Pilgrim Consol. M. Co. v. Board of Com's, 32 Colo. 334, 76 Pac. 364, the court expressed doubts of its jurisdiction over the case, but entertained the appeal because the question of its jurisdiction was not raised by the parties. The proceeding was to correct errors in the assessment of certain property for taxation. In Board of Com'rs v. Denver Union Water Co., 32 Colo. 382, 76 Pac. 1060, the proceeding below was founded upon a particular statute giving the right to a taxpayer to petition for relief from the payment of taxes in certain events. The court said:

"This act gives to an aggrieved" party "a remedy which in its absence he would not have. It prescribes a special procedure.  *  *  *"

While it did not decide the proposition involved in the case at bar, it said:

"It is also doubtful if the Code provisions relating to appeals and writs of error apply to special proceedings. * * *"

It is inferred in another part of its opinion that un-

less the act creating the special proceeding, or subsequent specific act, granted the right of appeal, none existed.

In Pilgrim Consol. M. Co. v. Board of Com'rs, 20 Colo. App. 311, 78 Pac. 617, the question about which the Colorado court had formerly expressed its doubts came squarely before the court for its consideration. There the plaintiff in error filed its petition with the county commissioners and prayed for relief from an unjust assessment. The petition was denied, and an appeal to the district court perfected. There the relief sought by the petition was also denied whereupon appeal to the Supreme Court was perfected. The proceeding was under a statute of Colorado which provided only for appeal to the district court. On the authority of the case of Board of Commissioners v. Denver Union Water Co., 32 Colo., 382, 76 Pac. 1062, the court held that it had no jurisdiction to entertain the proceedings. The same doctrine was affirmed in Board of Com'rs v. Pinnacle Gold Mining Co., 36 Colo. 492, 85 Pac. 1005. In the case at bar the appellant states that this court entertained jurisdiction of a similar case in Re Atchison, Topeka & Santa Fe Railway Co., 22 N. M. 498, 165 Pac. 215, and that if the court did not possess jurisdiction in that class of cases, it would have dismissed the appeal in said case, sua sponte. This argument is answered by the statement of the Colorado court in the last-cited case:

"There have been a number of similar cases brought to this court * * * in which the action of the district court has been reviewed. These cases afford no precedent by which we are to be controlled; the question of jurisdiction not having been raised or brought to the attention of the court."

The only case which has come to our notive seemingly holding to the contrary of the foregoing cases is that of Webb v. Stasel, 80 Ohio St. 122, 88 N. E. 143, where the court held that a suit by one receiver against another to recover a stated sum of money constituted a civil action, a conclusion which we do not doubt.

But in determining the question of the right of one of the parties to appeal the court said:

"It has long been familiar to consel that the civil action of the Code includes all such proceedings as prior to its enactment were regarded either as actions at law or suits in equity, and rights of action since authorized by statute, unless the authorizing statute itself defines a mode of enforcing the right at variance from the procedure prescribed by the Code."

We are convinced that section 1, c. 77, Laws 1915, refers only to the ordinary civil actions and that it cannot be held applicable to special statutory proceedings. In Schuster v. Schuster, 84 Minn. 403, 87 N. W. 1014, the court said:

"The phrase 'special proceedings' within its proper definition, is a generic term for all civil remedies in courts of justice which are not ordinary actions. * * * Where the law confers a right, and authorizes a special application to a court to enforce it, the proceeding is special within the oridnary meaning of the term 'special proceeding.'"

See also, Anderson v. Englehart, 18 Wyo. 196, 105 Pac. 571, Ann. Cas. 1912B, 1375, and 7 Words and Phrases (Second Series) 6587. No right is given to a taxpayer in this state to have a correction made in his assessment by application to the district court through the district attorney, except by statute. Unlike the ordinary civil action the matter is submitted to the court through the intervention of the district attorney, who must first be satisfied that the relief prayed for in the petition should be granted to avoid injustice to the petitioner. The proceeding is begun by petition, rather than by complaint. No process is served upon the state or any tax official. The court determines the right of the matter in an ex parte hearing. The order or judgment of the court operates upon an official not made a party to the proceeding. No issues are made upon the petition, and in all respects the proceeding is special in nature, the authority to proceed being derived wholly from statute. Although the proceeding is civil in its nature, as distinguished from criminal, it is not a civil action. No

right of appeal was conferred by the statute upon either the petitioner or any person aggrieved by the action of the court. We have no doubt that the Legislature did not intend that an appeal should be allowed therefrom. The action of the trial court in such a proceeding is final, unless the right to appeal was conferred upon the state by virtue of the fact that section 5475, supra, provides that the amounts to be paid as taxes, as shown by the assessment books, shall not be changed, altered, or abated "except by direction of the district or Supreme Court." That provision is in the nature of a prohibition against the altering of assessments at certain stages of the tax proceedings, except by judicial action. Clearly it constitutes no express grant of the right of appeal to a litigant.

We are advised by appellant that in the absence of a right of appeal in such cases a corrupt district attorney might improperly exercise the power conferred upon him by the statute to the detriment, not only of a taxpayer in some cases, but to the state in others. The argument assumes that the district court is obliged to grant the relief prayed for in the petition because of the recommendation of the district attorney, but of course, such is not the case. Whether such cases should be reviewed by a court superior to the district court is a legislative question, and, the Legislature not having made provision for such review, none can be entertained here. The motion to dismiss the appeal is therefore granted; and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.