Raymond F. WOLF et al., Appellants,

v.

John YOUNG, County Judge of Nueces County, Texas, et al., Appellees.

No. 12837.

Court of Civil Appeals of Texas.

San Antonio.

March 23, 1955.

Rehearing Denied April 20, 1955.

Trimble & Dobbs, Corpus Christi, for appellants.

Noah Kennedy, Jr., John A. Mobley, Allen Wood, Kleberg, Mobley, Lockett & Weil, Fischer, Wood, Burney & Nesbitt, I. M. Singer, Ellis M. Brown, Corpus Christi, for appellees.

PER CURIAM.

This is an appeal from a judgment of the District Court which abated and dismissed a petition for mandamus to compel the County Judge of Nueces County to call an election for incorporation of a city to be known as West Corpus Christi. A petition for incorporation was filed with the County Judge in accord with the provisions of Article 1134, Vernon's Ann.Civ.St. The County Judge, after hearing, refused to call the election. The fundamental question presented by the appeal is that of the governmental separation of powers. We must

first determine the nature of the election procedure, whether it is administrative or judicial in nature. We must then determine the powers of the judiciary to review such orders when no statutory review is provided, and whether the writ of mandamus is a proper method for review.

Petitioners, in compliance with the requirements of Article 1134, filed their petition to incorporate. In our opinion, the petition complied with the law. The County Judge thereafter conducted a public hearing, heard witnesses and considered written briefs. His decision was embodied in a formal statement of the issues and his reasons for denying the petition to call an election. His opening statement was that he considered the matter an administrative rather than a judicial hearing. He announced that his refusal to call the election was based in part upon the matters adduced at the hearing and in part on matters learned from his independent investigation. He stated that Article 1133 was not satisfied, in his opinion, because the area described in the petition had more than 10,000 inhabitants.

Petitioners then sought a mandamus against the County Judge, but the district court sustained a plea to abate their suit and dismissed it. This appeal is from the order dismissing the suit for mandamus. When the trial court abated the mandamus suit, petitioners then offered as their bill of exception the complete record of the hearing before the County Judge. Petitioners by this appeal pray that this Court, on the basis of the matters which appear in the bill of exception, order the County Judge to call the election.

Article 1136 declares the duty of the County Judge when presented with a petition for election. This article in part is as follows: "If satisfactory proof is made that the town or village contains the requisite number of inhabitants, the county judge shall make an order for holding an election on a day therein stated * * *." Petitioners urge that all the evidence before the County Judge demonstrated that the area included less than 10,000 inhabitants, and

the judge in finding otherwise was actuated by fraud, in the sense that his conduct was arbitrary and capricious.

■■■ The statutes make no provision for an appeal from an adverse order of the county judge in connection with such election petitions. This is not a matter within the purview of the district court's supervisory powers over the commissioners' court, since the statute reposed the responsibility of the decision upon the county judge only. This case does not concern property rights. This is not merely an action to compel the county judge to rule, for the judge has ruled, however erroneous his ruling may be. The suit seeks to compel the county judge to rule in a particular manner—to call the annexation election. Mandamus is not an instrument for the correction of errors, nor for instruction of public officers as to the manner in which they should discharge their duties which call for an exercise of discretion, as distinguished from the performance of ministerial acts. Arberry v. Beavers, 6 Tex. 457; Knox v. Craven, Tex.Civ.App., 248 S.W.2d 955; Allen v. Strode, Tex.Civ.App., 62 S.W.2d 289; Roberts v. Munroe, Tex.Civ.App., 193 S.W. 734. Petitioners, however, urge that the county judge was guilty of "so gross an abuse of discretion, or such an evasion of positive duty, not admitting of the exercise of discretion, or judgment," that the duty was ministerial. Arberry v. Beavers, 6 Tex. 457, 472.

■■■ Fundamentally, this case concerns the basic governmental principle of separation of powers. The once-clear lines which divided the executive, legislative and judicial branches have at times become obscured by the creation of certain administrative agencies which have been inserted between the various departments for the performance of special duties. But the principle which separates and prevents encroachment is still unshaken. Many procedures suitable for the executive or legislative branches are strangers to the judicial process. Executive and legislative matters, political matters and matters of policy, in the absence of personal or vested property

rights, special provision by the Legislature, or some violation of the constitution, are free from judicial control. McClelland v. Shelby County, 32 Tex. 17; Walker v. Tarrant County, 20 Tex. 16; Fuller v. Mitchell, Tex.Civ.App., 269 S.W.2d 517; 42 Am. Jur., Public Administrative Law, § 253; 73 C.J.S., Public Administrative Bodies and Procedure, § 160.

■ The county judge, in stating that the election matter was an administrative subject rather than a judicial hearing, correctly appraised the nature of the proceeding. 37 Am.Jur., Municipal Corporations, § 8. The Legislature selected and delegated to the county judge the special and exclusive authority to consider and, upon the exercise of discretion, to set the election procedure in motion or to deny it. The county judge, acting in that capacity, was not sitting nor acting as a judge but as an administrator. Similar statutes have named county judges for such special purposes free from review for more than a hundred years. One such early law named the county judge as the delegated authority to conduct elections with reference to the removal and location of county seats. Applying the principle of separation of powers, the Supreme Court denied the right of the judiciary to meddle in matters beyond the judicial sphere in Walker v. Tarrant County, 20 Tex. 16, saying:

"The act of determining in what particular place in a county the courts shall be held, and the public records shall be kept, is the exercise of a political authority of the government, pertaining to the legislature. It may be done directly, as by naming and identifying a place in the act; or it may be done indirectly, by making it depend upon a contingency, and appointing an agent or agents to determine upon that contingency, and to announce the result. Whether it be done the one way or the other, it, in all its parts, is no less an act pertaining to the political and not to the judicial authority. * * See Arberry v. Beavers, 6 Tex. 457;

Baker v. Chisholm, 3 Tex. 157; Alley v. Denson, 8 Tex. 297."

Perhaps the clearest discussion of the reasons a mandamus will not be granted to compel a county judge to change his decision in the exercise of discretion over election matters which have been specially delegated to him, is found in Arberry v. Beavers, 6 Tex. 457, which states:

"As to this election, the statute confided to the officer a personal trust, distinct from his ordinary official duties; an independent personal authority, limited to one express object, and to be exercised according to the dictates of his own judgment upon the law. When he had exercised his judgment, and finally disposed of the subject, his authority was *functus officio*. By its exercise, it was exhausted. No mode of revising his decision was provided, either by the special statute which conferred the authority, or by any general law. And his decision, therefore, according to the authorities, was final and conclusive."

Tadlock v. Texas Monumental Committee, 21 Tex. 166.

■■ The judiciary is under legal restraint from imposing its methods or substituting its judgment for those of the executive and legislative branches of the government. However erroneous, so long as the decision rests on the exercise of discretion, courts will not review nor supervise matters exclusively delegated to a named officer. The forum for those matters is elsewhere. Texas Highway Commission v. El Paso Bldg. & Const. Trades Council, 149 Tex. 457, 234 S.W.2d 857; State v. Lemaster, Tex.Civ.App., 275 S.W.2d 164; Beyer v. Templeton, Tex.Civ.App., 208 S.W.2d 692; Driver v. Edwards, Tex.Civ.App., 107 S.W.2d 1109; State ex rel. Thompson v. Lester, Tex.Civ.App., 50 S.W.2d 386; Bell v. Kirkland, Tex.Civ.App., 41 S.W.2d 443; State ex rel. Rea v. Etheridge, Tex.Civ. App., 20 S.W.2d 808; State ex rel. Burkett v. Town of Clyde, Tex.Civ.App., 18 S.W.2d 202; Wilson v. Brown, Tex.Civ.App., 145

S.W. 639; Naylor v. Naylor, 60 Tex.Civ. App. 606, 128 S.W. 475, 478; Riggins v. City of Waco, 100 Tex. 32, 93 S.W. 426; Riggins v. Richards, Tex.Civ.App., 79 S.W. 84; Word v. Schow, 29 Tex.Civ.App. 120, 68 S.W. 192; Thompson v. State, Tex.Civ.App., 56 S.W. 603; Scarbrough v. Eubank, 93 Tex. 106, 53 S.W. 573; Ewing v. State ex rel. Pollard, 81 Tex. 172, 16 S.W. 872; State v. Goowin, 69 Tex. 55, 5 S.W. 678; Keenan v. Perry, 24 Tex. 253. Contra: Huff v. Preuitt, Tex.Civ.App., 53 S.W. 844, but modified in Tex.Civ.App., 54 S.W. 610, to conform to Scarbrough v. Eubank, supra.

■ Once demonstrated that the hearing before the county judge under the provisions of Article 1136 is a special function delegated to the county judge by the Legislature not in the nature of a judicial trial before a court, we can accept a procedure to determine facts different from that which would be required in a judicial hearing. Petitioners insist that the record of the proceedings before the county judge, which is before us by way of bill of exception, demonstrates that the county judge was guilty of fraud. The record is wholly silent of such matter in its usual sense. Only in the sense that caprice or arbitrary action may amount to fraud do we consider it at all. Brazos River Conservation and Reclamation Dist. v. Harmon, Tex.Civ. App., 178 S.W.2d 281, 292; Bobbitt v. Gordon, Tex.Civ.App., 108 S.W.2d 234, 238; King v. Guerra, Tex.Civ.App., 1 S.W.2d 373; 34 Am.Jur., Mandamus, § 69. Three witnesses stated at the hearing before the county judge that the area contained about 7,500 inhabitants, based on the count of the dwellings multiplied by three and one-half, that being the national average of persons per dwelling. The assistant planning engineer for the City of Corpus Christi stated that there were about 8,300 persons. Petitioners' argument is that all evidence proved the number of inhabitants was less than 10,000 persons.

The county judge, in announcing his ruling and in the exercise of discretion to weigh evidence, stated that the area included large numbers of dwellings which in his judgment housed more than the national average of inhabitants per dwelling. He stated further that he conducted an independent investigation. For a judge, sitting as a judge, to ground a decision on matters outside the record would be the grossest error and wrong. But officers of the executive and legislative branches frequently do and ought to conduct independent searches as a means to the exercise of intelligent action. Whether we approve or disapprove of the method or the decision, the matter has been settled in decisions which passed on the very matter before us. As stated in 30A Texas Jur., Municipal Corporations, § 19:

> "Satisfactory proof must show that the proposed municipality contains the requisite number of inhabitants. The method by which this proof is to be made is not prescribed, but is left to the discretion of the judge, who may adopt any method by which the facts may be ascertained. An extrajudicial investigation is intended by the statute, and, as such, it is not confined to the swearing and hearing of witnesses. * * * Where no fraud is alleged or shown, the determination of the judge that the town contains the requisite number of inhabitants when he orders the election is conclusive."

The most that the bill of exception could show is that the county judge made a separate investigation, the result of which conflicted with the testimony of the witnesses at the extrajudicial hearing before the county judge. That is not fraud. An administrative decision grounded on the county judge's investigation appears to be in accord with correct procedure. State ex rel. Rea v. Etheridge, Tex.Civ.App., 20 S.W.2d 808; State ex rel. Burkett v. Town of Clyde, Tex.Civ.App., 18 S.W.2d 202; King v. Guerra, Tex.Civ.App., 1 S.W.2d 373; Thompson v. State, Tex.Civ.App., 56 S.W. 603; Williams v. Castleman, 112 Tex. 193, 247 S.W. 263, 268.

The judgment of the trial court for these reasons must be affirmed.