**CITY OF CORPUS CHRISTI et al.,**
**Appellants,**

v.

**Holman CARTWRIGHT et al., Appellees.**

No. 12943.

Court of Civil Appeals of Texas.

San Antonio.

March 7, 1956.

Rehearing Denied April 4, 1956.

Kleberg, Mobley, Lockett & Weil, I. M. Singer, Corpus Christi, for appellants.

Harry J. Schulz, Three Rivers, R. E. Schneider, Jr., George West, Vinson, Elkins, Weems & Searls, Victor W. Bouldin, Houston, for appellees.

NORVELL, Justice.

This is an appeal from an order of the District Court of Live Oak County confirming the formation of Live Oak County Water Control and Improvement District No. 1. The City of Corpus Christi owns lands within the boundary of such proposed district and joins with other landowners to bring the case here.

The applicable articles of the Revised Statutes are those contained in Chapter 3A of Title 128, relating to the formation of water control and improvement districts, Article 7880–1 et seq., Vernon's Ann.Tex. Stats.

Two questions control the disposition of this appeal. Both relate to the statutory petition, which is the initial step in the formation of a water control and improvement district. The first question is

whether or not mineral estates in land are to be considered in determining if a majority of landowners have signed the petition. The second question relates to the nature of the district court review provided by the statute.

The statutory enactment provides that the creation of a water control and improvement district shall be initiated by a petition "signed by a majority in number of the *holders of title to the lands* [within the proposed district] and the owners of a majority *in value of the lands therein,* as shown by the county tax rolls, provided, if the number of such land owners therein is more than fifty, such petition shall be sufficient if same is signed by fifty land owners." Article 7880–10. After a petition in proper form, Article 7880–11, has been filed with the county clerk, Article 7880–12, it becomes the duty of the county judge when the proposed district lies within one county, to "make an order setting the date of hearing [upon petition] by the county commissioners' court * * *." Article 7880–14. In so doing the county judge acts in an administrative capacity and necessarily must determine the legal sufficiency of the petition under the provisions of Article 7880–10, which prescribes the requisite number of signers. Wolf v. Young, Tex.Civ.App., 277 S.W.2d 744.

Upon the hearing both proponents and opponents of the proposed district are afforded an opportunity to present evidence, Article 7880–17, and the Commissioners' Court then determines whether or not the organization of the proposed district is feasible and practicable and would result in a public benefit or utility and enters its order accordingly. Article 7880–19. If the action taken by the Commissioners' Court is favorable to the proposed district, interim directors are appointed, Article 7880–20, who must call an election and submit to the vote of the qualified resident property taxpaying voters of the district the proposition of confirming or disaffirming the creation of the district. Articles 7880–23 and 7880–24.

The trial court found the following facts: That on January 13, 1955, a petition, signed by a majority in number of the holders of title to lands within the proposed district and a majority in value of the lands therein, as shown by the county tax rolls, was presented to the County Judge of Live Oak County, praying for the creation and establishment of Live Oak County Water Control and Improvement District No. 1, with territorial boundaries lying wholly within Live Oak County and described in such petition; that this petition was supported by an affidavit to the effect that the signers thereof constituted a majority as to both holders of lands and values, Article 7880–10; that the petition was accepted by the county judge, who found and determined in good faith and upon substantial evidence, that the petition had been signed by the number of persons required by Article 7880–10; that the judge as a public officer of the county and member of the County Board of Evaluation, was familiar with the lands and owners of lands within the district and the assessed valuations placed thereon; that a hearing upon the petition was set before the Commissioners' Court and after postponement took place on February 18, 1955, at which time evidence was heard from both the proponents and opponents of the proposed district, after which the Commissioners' Court, by unanimous vote, granted the petition for formation of the district and appointed Holman Cartwright and four others as directors thereof; that thereafter, by an election held on April 9, 1955, the formation of the district was confirmed by a vote of 39 to 0.

Upon request for supplemental findings of fact, the trial judge found that the initiating petition had not been signed by a majority in number of the holders of title to the surface of land and mineral interests in land within the proposed district. From those supplemental findings, it appears that the trial judge was of the opinion that severed mineral interests or estates need not be considered in determining the sufficiency of the petition. We have heretofore set out the pertinent portions of Article 7880–10 and are of the opinion that the owner of a mineral estate which is shown upon the county tax rolls must be considered as the

838

"holders of title to the lands" within the proposed district as that phrase is used in the statute. If there be less than fifty signers of the petition, then such landowners should be considered in determining whether a majority in number or in value of lands within the proposed district have signed the petition. Texas Company v. Daugherty, 107 Tex. 226, 176 S.W. 717, L.R.A.1917F, 989; Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S.W. 290, 29 A.L.R. 566; Sheffield v. Hogg, 124 Tex. 290, 77 S.W.2d 1021, 80 S.W.2d 741; Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472.

It, therefore, appears that the preliminary petition was not signed either by a majority of the "holders of title to the lands" within the district or by a "majority in value of the lands therein". The trial judge, however, concluded, as a matter of law, that "the determination and finding of the County Judge of Live Oak County in accepting said petition and in entering his order calling for a hearing on said petition before the Commissioners' Court, that said petition met all requirements of the law and was signed by the requisite number of qualified signers of said petition, are final and not subject to review by this Court except on grounds of fraud or gross abuse of discretion, neither of which was alleged nor proved."

In the absence of a statutory provision to the contrary, this conclusion of law is correct and supported by numerous cases. Walker v. Tarrant County, 20 Tex. 16; State ex rel. Goodnight v. Goodwin, 69 Tex. 55, 5 S.W. 678; Scarborough v. Eubank, 93 Tex. 106, 53 S.W. 573. The last expression of this Court upon the question is contained in Wolf v. Young, 277 S.W.2d 744. The reason supporting the general rule making the decision of the county judge conclusive is stated in Scarborough v. Eubank, supra [93 Tex. 106, 53 S.W. 574], as follows:

"An election ought not to be ordered when the measure is likely to be defeated, and a useless expense incurred. This is the foundation of the policy which determines the number of applicants necessary to procure an order for an election. Hence the legislature might deem it a matter of no serious moment that the officer or tribunal to whom the duty of ordering the election is intrusted should make a mistake as to the qualification of one or more of the signers, and should expressly or impliedly make their decision as to the competency of the petitioners final, at least after the election has been held. It would seem more politic to make the determination of the county judge conclusive than to permit the question to be inquired into upon a contest, and the election to be annulled, after a legal majority have voted for the change sought to be accomplished. Accordingly, the weight of authority, as it seems to us, is against the right to call in question the qualifications of the signers to the petition in a contest of the election."

It, however, lies within the power of the Legislature to vary from the general rule making the decision of the county judge (or other designated official) final as to the sufficiency of the preliminary petition and to provide for a review of that action by the district court. Article 7880–18 governs the appeal to the district court from the order of the Commissioners' Court, either granting or refusing a petition for the formation of a water control and improvement district. The specific questions to be decided by the Commissioners' Court are set out in Article 7880–19. They are: Is the proposed district feasible and practicable? Will it be a benefit to the land to be included therein? Will the district be a public benefit or utility? Upon appeal to the district court, these matters are to be determined de novo by the district court, as the statute provides that the hearing shall be as though the jurisdiction of the district court were original. We are not here primarily concerned with a decision of the Commissioners' Court, but rather with the order of the county judge. The pertinent language of Article 7880–18, is as follows:

"The hearing shall be as though the jurisdiction of the district court were

original jurisdiction and all matters which were, or might have been, presented in the Commissioners' Court, and as well the validity of the Act under which the district is proposed to be created, and *the regularity of all precedent proceedings,* may be contested in the district court, and the court shall apply to the determination of such cause its full legal and equitable powers to the end that substantial justice may be done."

The term "precedent proceedings" undoubtedly includes the initiatory petition. Consequently, the "regularity" of the petition is to be considered by the district court "as though the jurisdiction of the district court were original jurisdiction". This means that the legal sufficiency of the petition as to content and signatures and the action upon the petition, must be determined as an original proposition by the district court, and that its jurisdiction or authority is not limited to the inquiry as to the good faith of the county judge in determining the sufficiency of the petition, as would be the case in the absence of the statutory provision. Wolf v. Young, Tex.Civ. App., 277 S.W.2d 744. The Legislature may and has provided various types of review by the courts of administrative orders. Article 8307, § 5, Vernon's Ann.Civ. Stats., Workmen's Compensation Act; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424, Rule 37 case; Jones v. Marsh, Tex.Civ.App., 223 S.W.2d 29, affirmed Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, application for license to sell beer; Rockett v. Texas State Board of Medical Examiners, 287 S.W.2d 190, decided by this Court, Article 4506, Vernon's Ann.Tex.Stats., forfeiture of license to practice medicine. The type of review specified and provided by Article 7880–10 is somewhat similar to that contemplated by Article 4506, that is, an examination de novo in its broadest sense.

We, accordingly, conclude that the undisputed evidence discloses that less than a majority of landowners as to both numbers and value signed the initiatory petition, and that the district court was authorized to so determine.

What has been said disposes of this appeal. It becomes our duty to render such judgment as the trial court should have rendered. Rule 434, Texas Rules of Civil Procedure. Accordingly, the judgment of the trial court is reversed and judgment here rendered declaring the proposed Live Oak County Water Control and Improvement District No. 1, to be without legal existence.

Reversed and rendered.

POPE, J., did not participate in the decision of this case.