WICHITA COUNTY WATER CONTROL & IMPROVEMENT DISTRICT NO. 7, ET AL V. CARL WILLIAMSON, ET AL

No. A-8359. Decided June 21, 1961
(347 S. W. 2d Series 597)

*Jack Cannell,* of Wichita Falls, for petitioners.

*McDonald, Anderson and Cherry, George Anderson, Bullington, Humphrey, Humphrey & Fillmore, Lee Humphrey and Clyde Fillmore,* of Wichita Falls, for respondents.

PER CURIAM.

The Commissioners' Court of Wichita County, after hearing, granted a petition for the formation of a water control and improvement district. Contestants appealed to the District Court. The proponents there declined to put on evidence to support the formation of a district. Their contention was that the action of the Commissioners' Court was presumed to be valid and could only be attacked under the substantial evidence rule. The contestants said that the applicable statute required a trial de novo, and that the proponents were required to produce evidence. The trial court agreed with the contestants; and upon the failure of the proponents to produce evidence, the trial court dismissed the suit. That action was affirmed by the Court of Civil Appeals. 344 S.W. 2d 462.

The statute providing for the appeal from the Commissioners' Court to the District Court under these circumstances is Article 7880-18 Vernon's Texas Civil Statutes Annotated. That statute says in part:

"* * * The hearing [in the District Court] shall be as though the jurisdiction of the district court were original jurisdiction and all matters which were, or might have been, presented in the Commissioners' Court, and as well the validity of the Act under which the district is proposed to be created, and the regularity of all precedent proceedings, may be contested in the district court, and the court shall apply to the determination of such cause its full legal and equitable powers to the end that substantial justice may be done."

This statute was construed to provide for a true trial de novo and not for a trial under the substantial evidence rule in *City of Corpus Christi v. Cartwright* (1956), 288 S.W. 2d 836. This Court refused the application for writ of error. The validity of the novo provision was not questioned in that case. There was no point of error in the application for writ of error in this Court in the *Cartwright* case attacking the constitutionality of the Act.

This Court held in *State of Texas v. Cortez* (1960), 160 Tex. 532, 333 S.W. 2d 839, that when the appeal is de novo, the action of the court or body below is set aside and annulled. Under these cases, therefore, the burden was on the proponents, on the trial de novo, to go forward in the district court. Assuming the validity of the trial de novo provision of Article 7880-18, the trial court correctly dismissed the suit and the Court of Civil Appeals correctly affirmed the judgment.

In its opinion in this case, the Court of Civil Appeals passed upon and upheld the validity of the trial de novo provisions of Art. 7880-18, supra. There are no points of error in this Court attacking the validity of those provisions of the statute. The petitioners, in their application for writ of error, state that they "did not contend that they were entitled to a trial under the substantial evidence rule by reason of the unconstitutionality of Article 7880-18 * * *" We therefore express no opinion on the validity of the appeal provisions in Article 7880-18.

The application is refused, no reversible error.