JOHN T. SMITH v. J. M. PATTERSON, CHAIRMAN, DEMOCRATIC EXECUTIVE COMMITTEE OF TRAVIS COUNTY.

No. 3788. Decided May 24, 1922.

(242 S. W., 749.)

1.—Constitutional Law.

A legislative enactment will not be held unconstitutional unless it is absolutely necessary so to hold. (P. 538).

2.—Same—Legislative Apportionment—Disfranchising Voters of County.

The Legislature can not disfranchise the citizens of a County (Const. art. 1, sec. 19.) An apportionment of the State into legislative districts which gave no opportunity to the citizens of a county to vote for representatives in the State Legislature because the county was not embraced in any district permitted to choose a representative would be unconstitutional and void. (Pp. 538, 539).

3.—Same—Swisher County.

The redistricting law (Act of Aug., 1921, Laws 37th Leg., 2d Called Session, ch. 6, p. 264) omitted the name of Swisher County from the list of those assigned to any of the legislative districts thereby created. But, considering the obvious duty and intent to afford it representation, and the form in which the Act laid off the 120th and adjoining districts, it is held that it was intended to include Swisher County among those assigned to the 120th district that the Act should be given that effect, and was not rendered unconstitutional by the omission of mention of that county. (Pp. 539-543).

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Travis County.

*A. L. Green, George C. Butte,* and *Ira P. Hildebrand,* for appellant. —The citizens of Swisher county were disfranchised by the act of the 37th. Legislature, since Swisher county was not placed in any one of the 127 representative districts into which the state of Texas was divided (Const., art. 1, see 9; Art. 6, sec. 2). The intention of the Legislature must be found in the statute itself, and the court has not the right to legislate and add anything to the statute. Legislation

is for legislatures, not courts. A. T. & S. F. Ry. Co. v. Mills, 108 S. W., 482; Ballentine v. Willey, 3 Idaho, 496; Bowden v. Crawford, 103 Texas, 181; Collins v. Sauer, 97 Atl., 897; Heitman v. Gooding, 86 Pac., 785; Hughes v. Felton, 19 Pac., 444; Murphy v. Ehey, 25 Atl., 993; Peard v. State, 51 N. W., 828; People v. Maynard, 15 Mich., 463; Sherrill v. O'Brien, 188 N. Y., 185; Solon v. State, 114 S. W. 349; State v. Van Duyne, 39 N. W., 612; State v. Van Camp, 54 N. W. 113; Ward Cattle & Pasture Co. v. Carpenter, 109 Texas, 103.

*J. M. Patterson,* in pro. per., and *W. A. Keeling,* Attorney-General, and *Bruce M. Bryant,* Assistant, for appellee, cited: Cooley's Constitutional Limitations, Seventh Ed., 227 to 252; Fletcher v. Peck, 6 Cranch, 128; Baldwin v. State, 21 Texas Crim. App. 591; Ex parte Rodriguez, 39 Texas, 771; Cordova v. State, 6 Texas Crim. App., 220; Cox v. State, 8 Texas Crim. App., 286; State v. Vincent, 217 S. W., 402; Hamilton v. Davis, 217 S. W., 431; Spears v. San Antonio, 110 Texas, 618; Koy v. Schneider, 110 Texas, 369; King v. Terrell, 218 S. W., 42; Lawson v. Baker, 220 S. W., 260; Railway Co. v. Marcofich, 221 S. W., 582; Sutherland on Statutory Construction, 2nd Ed., Sections 443-447 and 448; Duncan, Wyatt & Co. v. Taylor, 63 Texas, 645; Mills County v. Lampasas County, 90 Texas, 603, 606; Neil v. Keese, 5 Texas, 23, 33; Hanrick v. Hanrick, 54 Texas 101, 109; State ex rel. Singleton v. Van Duyne, 39 N. W., 612; Ballentine v. Willey, 3 Idaho, 496, 95 Am. St. Rep., 17; Murphy v. Ehey, 25 Atl., 993; Heitman v. Gooding, 86 Pac., 785; Chap. 6, General Laws, passed at the Second Called Session of the 37th Legislature; General Laws, First Called Session, Thirty-Second Legislature, p. 80; 36 Cyc, page 847; Lasater v. Lopez, 110 Texas, 179.

MR. JUSTICE PIERSON delivered the opinion of the Court.

The certificate of the Honorable Court of Civil Appeals for the Third District as as follows:

"The above cause is pending in the Court of Civil Appeals for the Third District; and an agreed motion to certify the controlling point in the case to the Supreme Court has been granted, and this certificate is made for that purpose.

"John T. Smith, the appellant, brought this suit against J. M. Patterson, Chairman of the Democratic Executive Committee of Travis County, for the purpose of compelling said Patterson to certify Smith's name as candidate for the Legislature, under the Act of the 32nd Legislature re-districting the state into representative districts, as shown by the general and special laws passed by that Legislature at its first called session, page 80 to 88. That Act was repealed by the 37th Legislature, by an Act re-apportioning the state into representative districts, which is printed on pages 264 to 272 of

the general laws enacted by that Legislature, if the latter Act is constitutional.

"Appellant charges, in his petition, that the last Act referred to is unconstitutional, null and void, because of the fact that it makes no disposition of the county of Swisher, and fails to include it in either of the districts therein specified; the further contention being that if that Act is unconstitutional, the former Act of the 32nd Legislature re-districting the state is still in force.

"The District Court held that the Act of the 37th Legislature is constitutional, and sustained a general demurrer to the plaintiff's petition; and the latter has brought the case to this court by appeal, and the ruling referred to is assigned as error. For further particulars, reference is made to the appellant's brief, a copy of which accompanies this certificate.

"The question involved is one of great importance, and should be finally decided as soon as possible. Therefore, upon its motion, as well as in compliance with the request of the parties, the Court of Civil Appeals certifies to the Supreme Court of the State this question:

"Is the Act of the 37th Legislature unconstitutional, because of the fact that in re-districting the state it omits Swisher county, and thereby fails to provide any means by which the voters of that county can have any voice in the election of representatives to the legislature?"

Appellant argues that the statute is unconstitutional and invalid, because by omitting and leaving out Swisher County it disfranchises the citizens of that county; that it cannot be held that the citizens of that county are entiled to the rights of citizenship in selecting representatives to the Legislature under the redistricting Act of 1911, for the reason that that Act was repealed by the 1921 Act; that said 1911 Act was repealed by necessary implication, inasmuch as the purpose, object, and subject matter of both statutes apply to the same thing; that the 1921 Act so dealt with the subject matter, to-wit: the apportioning of the counties of the State into representative districts, and made such changes in their arrangement, and composition, as to make the two Acts wholly inconsistent and impossible of harmonizing, especially in view of the fact that representative district No. 123, of which Swisher County under the Act of 1911 was a part, is reorganized by the Act of 1921 and contains other and different counties to what were formerly in the district of that number. He further presents that the intention of the Legislature must be found in the statute itself, and the court has not the right to legislate and add anything to the statute.

The contention of appellee, Patterson, and upon which he bases his case, is that the law does not favor repeal of a statute by implication, and that if the Act of 1921 is invalid and void, it is void only as to

Swisher County, and that the Act of 1911 redistricting the State into representative districts is not repealed by implication, and that, therefore, Swisher County would be and remain in representative district No. 123, as provided in the Act of 1911.

It has been repeatedly held by this Court and the courts of all jurisdictions that a legislative enactment will not be held unconstitutional and invalid unless it is absolutely necessary to so hold.

In the case of Solon v. State, 114 S. W., 350, 352, in passing upon the constitutionality of a statute, the Court of Criminal Appeals, in an able opinion by Mr. Justice Ramsey (who afterwards was a member of this Court), used the following language:

"The rule is universal that the courts will not declare an act of the Legislature unconstitutional unless such infirmity and vice clearly appears. Indeed this rule is necessary, and evidences that respectful regard in which the judicial should hold the legislative department of our government."

Mr. Cooley, in his work on Constitutional Limitations, in discussing this subject, says:

"They (the courts) will approach the question with great caution, examine it in every possible aspect, and ponder upon it as long as deliberation and patient attention can throw any new light upon the subject, and never declare a statute void, unless the nullity and invalidity of the act are placed, in their judgment, beyond reasonable doubt. A reasonable doubt must be solved in favor of the legislative action, and the act be sustained."

In the case of Koy v. Schneider, 110 Texas, 369, this Court said:

"A statute will not be declared unconstitutional in a doubtful case. Courts should uphold the statute as valid, unless clearly unconstitutional; every intendment and presumption being in favor of constitutionality."

We could quote many texts and many authorities, from our own State and other jurisdictions, to the effect that the greatest liberality must be exercised in upholding the validity of a statute and in giving full faith and credit to the acts of the Legislature, a co-ordinate department of government. We are in hearty accord with these views, and would add our emphasis to them.

We agree with appellant that if the citizens of Swisher County are deprived of the right of suffrage by the redistricting Act of 1921, said Act would be unconstitutional and invalid.

Section 19, of Article I of the Constitution provides that "No citizen of this state shall . . . in any manner be disfranchised except by the due course of the law of the land;" and Section 2, of Article VI of the Texas Constitution provides that all citizens not disqualified by Section 1 of the same article are guaranteed the right to vote for state, county, and district officers.

Sections 26, 27, and 28, Article III of the Constitution read as follows:

"Sec. 26. The members of the house of representatives shall be be apportioned among the several counties, according to the number of population in each, as nearly as may be, on a ratio obtained by dividing the population of the state, as ascertained by the most recent United States census, by the number of members of which the house is composed; provided, that whenever a single county has sufficient population to be entitled to a representative, such county shall be formed into a separate representative district; and when two or more counties are required to make up the ratio of representation, such counties shall be contiguous to each other; and when any one county has more than sufficient population to be entitled to one or more representatives, such representative or representatives shall be apportioned to such county, and for any surplus of population it may be joined in a representative district with any other contiguous county or counties.

"Sec. 27. Elections for senators and representatives shall be general throughout the state, and shall be regulated by law.

"Sec. 28. The legislature shall, at its first session after the publication of each United States decennial census, apportion the state into senatorial and representative districts, agreeably to the provisions of sections 25 and 26 of this article; and until the next decennial census, when the first apportionment shall be made by the legislature, the state shall be and it is hereby divided into senatorial and representative districts as provided by an ordinance of the convention on that subject."

The Constitution requires that the Legislature divide *the State* into senatorial and representative districts according to population, and in a district containing two or more counties, the counties shall be contiguous to each other. This means the entire State, including all of its counties.

It is clear to our minds that a statute that takes away or denies the citizens of any county, or subdivision thereof, the right of suffrage, is invalid, as an infringement upon their constitutional rights, and is a violation of the provisions of the Constitution above referred to. Inasmuch as it is clear that Chapter 6 of the Acts of the 37th Legislature, Acts of 1921, redistricting the State into representative districts, omitted to name the County of Swisher, and failed to expressly place it within any of the 127 districts into which the State was divided, the said Act must be held invalid, unless there is a legal and sufficient basis upon which to ascertain in what district it was the intention of the Legislature to place Swisher County.

The Act of 1921 itself furnishes the evidence.

The Constitution required the Legislature to redistrict the State into legislative districts according to its directions as to population and

as to contiguity of counties in districts composed of more than one county.

It will be presumed that it was the intention of the Legislature to place Swisher County in some district, and thereby to apportion the entire State, as required by the Constitution, and to enact a valid redistricting law. This intention is disclosed by the caption of said Act, which in part is as follows: "An Act to Apportion the State of Texas Into Representative Districts."

The Act of 1921 clearly purported to apportion the entire State, including Swisher County. It is just as apparent that Swisher County was included as if the caption had read: "An Act to Apportion the State of Texas Into Representative Districts, as follows:" and had named all the counties of the State.

This being the disclosed intention of the Legislature, let us then examine the Act in reference to the way and manner of its execution of this intention in the apportioning of the counties in the general vicinity of Swisher County, in the light of the constitutional provisions relating to population and to contiguity of counties, to see if there is any reasonable basis upon which to ascertain its intention as to Swisher County.

The Chief Draftsman of the Land Office has kindly furnished us with a map of the 124th, 123rd, 122nd, 121st, and 120th districts, as created by the Act of 1921.

The following is the map referred to:

| DALLAM 2 | SHERMAN 3 | HANSFORD 6 | OCHILTREE 7 | LIPSCOMB 10 |
|---|---|---|---|---|
| HARTLEY 1 | MOORE | HUTCHINSON 5 | ROBERTS 8 | HEMPHILL 9 |

*124th* DISTRICT

| OLDHAM 6 | POTTER | CARSON 1 | GRAY | WHEELER 3 |
|---|---|---|---|---|
| DEAF SMITH 5 | RANDALL 3 | ARMSTRONG 2 | DONLEY 1 | COLLINGSWORTH 2 |

*122nd*  *123rd* DISTRICT  DISTRICT

| PARMER 2 | CASTRO 3 | SWISHER | BRISCOE 6 | HALL 3 | CHILDRESS 4 |
|---|---|---|---|---|---|
| BAILEY 1 | LAMB 4 | HALE 5 | FLOYD 7 | MOTLEY 1 | COTTLE 2 |

*121st*  *120th* DISTRICT  DISTRICT

Representative Districts 120, 121, 122, 123 and 124. Chapter 6, page 269, 37th Legislature, 1921.

Reference to this map discloses the following facts:

District No. 124, bordering the north line of the State, is composed of ten counties, and according to the 1920 United States census, of which we will take judicial knowledge, contains a population of 21,520. (One of the largest districts in amount of territory covered, but not great in population). This district consists of a block of counties in rectangular form, and in calling them off as they are named in the Act they read as follows: Hartley, Dallam, Sherman, Moore, Hutchinson, Hansford, Ochiltree, Roberts, Hemphill, and Lipscomb; each county being named immediately after one adjoining it and in consecutive order. By reading the counties on the map in the order named in the Act this point is clearly illustrated.

District No. 123, just south of No. 124, is composed of six counties, and contains a population of 30,735. This is also a compact district in rectangular form, and in calling the counties on the map as they are named in the Act they read as follows. Carson, Armstrong, Ran-

dall, Potter, Deaf Smith, and Oldham; each county being named immediately after one adjoining it and in consecutive order.

District No. 120, lying just south of No. 123, is composed of seven named counties, which contain a population of 28,139. By calling the counties on the map as they are named in the Act they read as follows: Bailey, Parmer, Castro, Lamb, Hale, Briscoe, and Floyd; each county being named immediately after one adjoining it, and would be in consecutive order if Swisher County were also named.

The same observations as to the order of selecting the counties and their relative position to each other apply to the 122nd and the 121st districts, as shown by the map, they having populations of 29,249 and 33,078, respectively.

No special importance is attached to the fact that these districts are in rectangular form, but the uniformity of these districts and the location of Swisher County, surrounded on three sides by other and contiguous counties, and the uniformity of method and manner of calling the counties and creating these districts, together with the relative quota of population assigned to each, are significant, and especially so when taken in connection with the further analysis of facts herein stated.

As shown by both parties to this suit, Swisher County if left out by the Act would be between districts Nos. 123 and 120, and surrounded by them. It would be contiguous to no other district, but would be contiguous to one county in the 123rd district and to three counties in the 120th district. In obedience to the Constitution, the Legislature could not have intended to place it in any other than one of these two districts.

Under this apportionment Act the average population of the districts is 31,488. The districts in this section run quite uniform, and fairly approximated the average.

The 123rd district contains a population of 30,735. If the Legislature had placed Swisher County therein, its population would have been 35,123.

The 120th district contains a population of 28,139, without Swisher County. If the Legislature placed Swisher County therein, its population is 32,527. The latter population would approximate the average perhaps as nearly as any district of the State.

A detailed analysis of the Act, in its construction of these districts as vividly disclosed by the map, makes it not only reasonable to conclude, but the conclusion is almost irresistible, that the legislative intent was to place Swisher County in the 120th district. It seems reasonably certain that in calling the counties for this district, in placing them in the order as demonstrated by the map, and the manner in which the adjacent districts were formed, as evidenced by the Act, and giving attention to the position of Swisher County and its contiguity to the counties on three sides of it in this district, and assign-

ing proper apportionment of population for said district, the legislative intent was to place said county in said 120th district.

Therefore, regardless of other questions raised in the case, we think Swisher County is a component part of the 120th district, and as such is entitled to representation in that district, and that the reapportionment Act of the 37th Legislature is valid.

Therefore, we answer the question in the negative.

Chief Justice Cureton not sitting.