CONTINENTAL BUS SYSTEM, Inc. et al., Appellants,

v.

Howard CARNEY, Secretary of State, et al., Appellees.

No. 10554.

Court of Civil Appeals of Texas.

Austin.

Feb. 19, 1958.

Rehearing Denied March 12, 1958.

Callaway, Reed, Kidwell & Brooks, O. D. Montgomery, Dallas, Rankin, Kilgore & Cherry, Edinburg, for appellants.

Will Wilson, Atty. Gen., W. V. Geppert, L. P. Lollar, Asst. Attys. Gen., for appellees.

ARCHER, Chief Justice.

This suit was to recover certain franchise taxes paid under protest.

It is agreed that the only question involved in this suit is whether the amendatory act of 1949 as to Clause (3), insofar as it sought to change (if, in fact, it did change) the definition of a public utility corporation to be a public utility corporation as defined by the laws of Texas, was and is unconstitutional and void under the caption or title to the amendatory statute; and, if so, then

whether or not the above named plaintiffs were and are entitled to compute and pay their franchise taxes as public utility corporations under Clause (d) of the old statute, as they had done before the 1949 amendment.

The appeal is predicated on two points:

"First Point: The error of the Trial Court in not concluding and holding that the amendatory act as to Clause (3) of Art. 7084, insofar as it sought to change the definition of a public utility corporation to be a public utility corporation 'as defined by the laws of Texas,' was and is unconstitutional and void under the caption and title to such amendatory statute.

"Second Point: Since the change in Clause (3) of the 1949 amendatory act to Article 7084 is unconstitutional and void, the Trial Court erred in not concluding and holding that appellants were and are entitled to compute and pay their franchise taxes as public utility corporations under Clause (d) of the old statute (Art. 7084), as they had done before the 1949 amendment."

Appellee takes the position that the amendatory act of 1949, as to Clause (3) of Article 7084, does not violate Section 35 of Article III of the Constitution, Vernon's Ann.St.

Section 35, in part, as pertinent here reads:

"No bill * * * shall contain more than one subject, which shall be expressed in its title. * * *"

There have been several amendments to the Corporate Franchise Tax Statute beginning with the 1925 codification, and from time to time subsequent.

The 1949 amendment, the one involved in this suit, by the 51st Legislature, in its caption on page 975 of the Session Reports, there is the following:

"An Act amending Chapter 3, Title 122, of the Revised Civil Statutes of Texas of 1925, by amending Article 7084, as amended by Chapter 68, Section 2, Acts of the Forty-first Legislature, Fifth Called Session, as amended by Chapter 265, Section 1, Acts of the Forty-second Legislature, as amended by Chapter 184, Article VIII, Section 1, Acts of the Forty-seventh Legislature, by designating corporations subject to franchise tax; * * *"

The method used by the Legislature as to captions to bills is an accepted method employed by that body, and is all the notice required to comply with Section 35 of Article III of the Constitution.

It was not necessary to, and the Legislature did not, attempt to define corporations subject to the franchise tax.

Article 7084, V.A.C.S., levying the tax, has and has had language similar to that now used, as follows:

"Except as herein provided, every domestic and foreign corporation heretofore or hereafter chartered or authorized to do business in Texas, or doing business in Texas, shall, on or before May first of each year, pay in advance to the Secretary of State a franchise tax for the year following * * *"

■ This tax is imposed on all corporations as such and without regard to the kind of business or the purpose of such corporations.

Gulf States Utilities Co. v. State, Tex. Civ.App., 46 S.W.2d 1018, er. ref.

Certain corporations were exempt from the tax by Section 10 of the 1949 Act, codified as Article 7094.

The Legislature concerned itself with the designation of, rather than a definition of corporations subject to the tax.

■ The provisions of Section 35 of Article III of the Constitution has been accorded a liberal construction by the courts.

**678**

Central Education Agency v. Independent School Dist. of City of El Paso, 152 Tex. 56, 254 S.W.2d 357, 362.

■ The generally accepted rule applicable here is stated in 39 Tex.Jur., Section 42, pages 90–91, in the following language:

"Incorporation in the body of an act of the means by which its object may be accomplished does not render the act obnoxious to the constitutional inhibition against bills containing more than one subject. Accordingly an act with one leading subject, which is expressed in its title, may contain appropriate provisions designed or tending to accomplish, effectuate or enforce the general object or purpose of the law. When the title expresses the main subject dealt with in the act, it embraces any lawful means for the accomplishment of the legislative object. It is immaterial that such subsidiary provisions are not expressly mentioned in the title, if they are legitimately connected with the subject expressed. In other words, any provision calculated to carry into effect the declared object of an act is objectionable, although not specially indicated in the title."

Our Supreme Court in Central Education Agency v. Independent School Dist. of City of El Paso case, supra, held:

"In discussing Section 35, Article III of our State Constitution and the prior provision, Justice Bonner in Stone v. Brown, 54 Tex. 330, 343, states the true rule to be that 'none of the provisions of a statute should be regarded as unconstitutional where they relate, directly or indirectly, to the same subject, have a mutual connection, and are not foreign to the subject expressed in the title. So long as the subjects are of the same nature and come legitimately under one general denomination or object, we cannot say that the act is unconstitutional.' * * *

'It would be burdensome if not intolerable to require that the title should be as full as the act itself. The word "title" implies that no such requirement exists. The purpose of the constitutional provision is merely to reasonably apprise the legislators of the contents of the bill, to the end that surprise and fraud in legislation may be prevented.'"

■ We therefore do not believe the statute is unconstitutional in violation of Section 35 of Article III of the Constitution and the change in Clause (3) of the 1949 amendatory act to Article 7084 is valid and the appellants are bound thereby in computing their tax.

The judgment of the Trial Court is affirmed.

Affirmed.