

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 2, 1959

Honorable Coke R. Stevenson
Texas Liquor Control Board
P. O. Box 56
Austin 61, Texas

Opinion No. WW- 695

Re: Whether subsection 2 of
H. B. 11, 56th Leg., 3rd
C.S., directs the Liquor
Control Board to collect
a floor tax from all re-
tailers of distilled
spirits in Texas.

Dear Mr. Stevenson:

You have requested an opinion concerning whether
or not Subsection 2 of Section 2 of House Bill 11, passed
at the 3rd Called Session of the 56th Legislature, directs
your Department to collect a "floor tax" from all retailers
of distilled spirits in Texas. You have also directed
attention to the fact that an objection to the Constitu-
tionality of the Act has been made on the ground that if
it does direct that the tax be collected, it is in conflict
with Article III, Section 35 of the Texas Constitution.

The constitutional section referred to is as
follows:

"No bill, (except general appropriation bills,
which may embrace the various subjects and accounts for and
on account of which monies are appropriated) shall contain
more than one subject, which shall be expressed in its title.
But if any subject shall be embraced in an act, which shall
not be expressed in its title, such act shall be void only
as to so much thereof, as shall not be so expressed."

The pertinent portions of the title to House Bill
11 are:

"An Act. . .amending Section 21 of Article 1.
Chapter 467, Acts of the 44th Legislature, Second
Called Session 1935, as amended (compiled as Article 666-21
of Vernon's Annotated Penal Code of Texas) increasing the
tax on distilled spirits and wine. . ." (Emphasis added.)

In so far as relevant, Section 2 of House Bill 11
provides:

"Section 2. Section 21 of Article 1, Chapter 467,

Acts of the 2nd Called Session of the Forty-fourth
Legislature as last amended by Section VIII of Chapter
402, Acts of the Fifty-second Legislature, Regular
Session 1951, compiled as Article 666-21, Vernon's
Annotated Penal Code of Texas, shall be and is hereby
amended so as to read hereafter as follows:

'Sec. 21    There is hereby levied and imposed on the
first sale in addition to the other fees and taxes levied
by this act the following:

'. . ./new rates on distilled spirits specified.7. .

'The term "first sale" as used in Article 1 of this
Act shall mean and include the first sale, possession,
distribution, or use in this State of any and all liquor
refined, blended, manufactured, imported into, or in any
other manner produced or acquired, possessed, or brought
into this State.

'The tax herein levied shall be paid by affixing a
stamp or stamps on each bottle or container of liquor.
Said stamps shall be affixed in strict accordance with
any rule or regulation promulgated in pursuance of this
Act; provided, however, any holder of a permit as a
retail dealer as that term is defined herein shall be
held liable for any tax due on any liquor sold on which
the tax has not been paid.

'. . ./The provisions of the two preceding para-
graphs are recodifications of provisions in Article 666-21,
Tex. Pen. Code.7'

"(2)  It is further provided that such portion of
the tax provided by the amendment to Section 21 of the
Texas Liquor Control Act by Subsection (1) of Section 2
of this Act which represents an increase in the tax rate
on liquors shall apply and attach to all liquor which
shall be in the possession of any person for the purpose
of sale.  Every person having possession of any liquor
for the purpose of sale shall on the effective date of
this Act render and submit to the Texas Liquor Control
Board at Austin, Travis County, Texas a true and correct
sworn inventory of all such liquors, setting forth in
detail the size of containers and the quantity thereof
and shall attach to such sworn inventory a cashiers'
check or certified check payable to the State of Texas
in an amount equal to the  portion  of said tax
representing an increase in the tax rate on such liquor.

The sworn inventory shall be rendered upon a form to be prescribed and furnished by the Texas Liquor Control Board.  The sworn inventory with cashiers' check or certified check attached shall be placed in the United States mail, addressed to the Texas Liquor Control Board at Austin, Travis County, Texas within twenty-four (24) hours after the effective date of this Act, and a true, correct and exact copy thereof must be retained by the person making such report.  Failure or refusal to render and submit such inventory and cashiers' check or certified check on or before the time specified above or the willful falsification of such inventory shall be deemed sufficient grounds for the cancellation of any permit or license by the Board.  The copy of the sworn inventory and the purchaser's copy of the cashiers' check or certified check retained by the person making such report  shall be evidence of the payment of the portion of the tax which represents an increase.  The Texas Liquor Control Board is hereby authorized to adopt rules and regulations which may include provisions for the present stamps /sic7 or stamps of the present denominations, to evidence payment of both the increase in the tax herein levied and the tax heretofore levied in the Texas Liquor Control Act as amended."

There can be no doubt that the tax increase imposed by Section 2 of House Bill 11 is intended to apply to all "floor stock" held by retailers for the purpose of sale as of September 1, 1959; the direction to collect the tax from the retailers is explicit.  The question that must be decided is whether or not such intendment and direction are comprehended by the caption of the Bill.

The purpose of Art. III, Sec. 35, Tex. Const. is to insure that legislator, lawyer and layman are reasonably apprised of the nature or contents of each particular bill, thus avoiding deception and giving those who are interested in a subject under consideration an opportunity to be heard thereon.  Sec. 39 Tex. Jur. 77, and cases there cited.  Said section is to be liberally construed, i.e., it cannot be given a construction which would embarrass, defeat or retard legislation.  Ibid, P. 80.  Particularly is this true in regard to revenue measures.  City of Beaumont v. Gulf States Utilities Co., 163 S.W.2d 426 (Tex.Civ.App. 1942, error refused).

Giving the caption to H. B. 11 literal interpretation, its purpose (in so far as relevant) is to amend Art. 666-21, Tex.Pen.Code, by increasing the tax on distilled spirits and wine.  It should be noted that the caption does not specify

the amount, or the nature of, or who is to pay the tax increase.
The tax levied by Art. 666-21, Tex. Pen.Code is imposed on
distilled spirits and wine on which the tax has not previously
been paid. (See quotation of Sec. 2 of H. B. 11, supra).
Consequently, it is clear that any interested person(particu-
a retailer) would reasonably be put on notice that the amend-
ment to said Article might make provision for the collection
of the tax increase on all liquor held for sale as of the
effective date of the increase.

It is well settled that the caption of a bill need
not state every detail designed to effectuate, accomplish, or
enforce the main object of the act, but is sufficient if such
main purpose is stated. Continental Bus System v. Carney,
310 S.W.2d 676 (Tex.Civ.App.1958, error refused), City of
Beaumont v. Gulf State Utilities Co., supra. And see 39 Tex.
Jur. 90. As stated in Wilkinson v. Lyon, 207 S.W. 638,640
(Tex. Civ.App. 1918);

"It is also well settled that an act of the Legis-
lature is unobjectionable on the ground that it contains more
than one subject, if those subjects are germane or subsidiary
to the main subject; that the requirement of the consti-
tutional provision is addressed to the subject, and not to
the details of the act, to accomplish the main object of the
act,and such details may be multifarious. Joliff v. State,
53 Tex. Cr. R. 63, 109 S.W. 176; Singleton v. State, 53 Tex.
Cr. R. 626, 111 S.W. 736, and authorities there cited."
(Emphasis added.)
Section 2 of H. B. 11, in effect, does three things:

1.  Specifies the new rate applicable to distilled
    spirits and wine.

2.  Clearly expresses the intent that for the pur-
    pose of the rate boost, "first possession"
    shall include possession of stock held for sale
    on September 1, 1959.

3.  Directs that the tax increase be collected on
    all such stock.

It is clear that Nos. 2 and 3 above are designed
solely for the purpose of effectuating the tax increase, and
are germane to the main object of the Bill as stated in the
caption.

For the reasons above stated, you are advised that
the provisions of subs. 2 of Sec. 2 of H. B. 11 are consti-

tutional. Accordingly, you are directed to collect the tax increase from all retailers on all stock held for sale as of September 1, 1959.

## SUMMARY

Subsection 2 of Section 2 of House Bill 11, 3rd C.S., 56th Leg., directs the Liquor Control Board to collect a "floor tax" on all stock held for sale as of September 1, 1959, from all retailers of distilled spirits and wine in Texas. Such provision does not contravene Art. III, Sec. 35, of the Texas Constitution.

Very truly yours,

WILL WILSON
Attorney General

By: Jack N. Price
Assistant

JNP:lp

APPROVED:

OPINION COMMITTEE:
Geo P. Blackburn, Chairman

J. C. Davis

James R. Irion

Marvin H. Brown, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

By:
W. V. Geppert