WICHITA COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 7 et al., Appellants,

v.

Carl WILLIAMSON et al., Appellees.

No. 16196.

Court of Civil Appeals of Texas.

Fort Worth.

March 3, 1961.

Rehearing Denied March 24, 1961.

Jack Connell, Wichita Falls, for appellants.

Clyde Fillmore, Lee Humphrey and Geo. W. Anderson, Wichita Falls, for appellees.

RENFRO, Justice.

The Commissioners Court of Wichita County entered an order creating Wichita County Water Control and Improvement District No. 7.

Contestants who appeared before the Commissioners Court appealed to the District Court. The District Court held that under the provisions of art. 7880, sec. 18, Vernon's Ann.Tex.St., the substantial evidence rule did not apply; hence the burden of proof rested on the proponents of the District to proceed with evidence in support of their petition to create said District. Upon their refusal to proceed, their petition for creation of a District was refused.

After setting out the method of appeal from the order of the Commissioners Court, section 18 provides: " * * * The hearing shall be as though the jurisdiction of the district court were original jurisdiction and all matters which were, or might have been, presented in the Commissioners' Court, and as well the validity of the Act under which the district is proposed to be created, and the regularity of all precedent proceedings, may be contested in the district court, and the court shall apply to the determination of such cause its full legal and equitable powers to the end that substantial justice may be done. * * * "

The appellants contend section 18 is unconstitutional.

The State Constitution in art. 2 sec. 1, Vernon's Ann.St., divides the functions of government into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these

departments, shall exercise any power properly attached to either of the others.

Article 5, section 8 of the Constitution provides that the district court shall have appellate jurisdiction and general supervisory control over the county commissioners court, with such exceptions and under such regulations as may be prescribed by law.

■ The Legislature has prescribed no exceptions but, as stated by the Supreme Court in Scott v. Graham, 156 Tex. 97, 292 S.W.2d 324, 328, "has only established the procedure for appealing orders of the Commissioners Court relating to certain matters. See Art. 7880–18, Vernon's Ann. Tex.Civ.Stat." (The section referred to is the one here under attack.)

In City of Corpus Christi v. Cartwright, Tex.Civ.App., 288 S.W.2d 836, 838, the court pointed out that the specific questions to be decided by the Commissioners Court as set out in art. 7880–19 are: "Is the proposed district feasible and practicable? Will it be a benefit to the land to be included therein? Will the district be a public benefit or utility? Upon appeal to the district court, these matters are to be determined de novo by the district court, as the statute provides that the hearing shall be as though the jurisdiction of the district court were original." The court then set out the provisions of section 18 (referred to by Judge Walker in Scott v. Graham, supra [156 Tex. 97, 292 S.W.2d 328], as an example of legislative action of establishing "procedure for appealing orders") and concluded: "The term 'precedent proceedings' undoubtedly includes the initiatory petition. Consequently, the 'regularity' of the petition is to be considered by the district court 'as though the jurisdiction of the district court were original jurisdiction'. This means that the legal sufficiency of the petition as to content and signatures and the action upon the petition, must be determined as an original proposition by the district court, and that its jurisdiction or authority is not limited to the inquiry as to

the good faith of the county judge in determining the sufficiency of the petition, as would be the case in the absence of the statutory provision. Wolf v. Young, Tex. Civ.App., 277 S.W.2d 744. The Legislature may and has provided various types of review by the courts of administrative orders. Article 8307, § 5, Vernon's Ann. Civ.Stats., Workmen's Compensation Act; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424, Rule 37 case; Jones v. Marsh, Tex.Civ.App., 223 S.W.2d 29, affirmed Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, application for license to sell beer; Rockett v. Texas State Board of Medical Examiners, 287 S.W.2d 190, decided by this Court, Article 4506, Vernon's Ann. Tex.Stats., forfeiture of license to practice medicine. The type of review specified and provided by Article 7880–10 (obviously the "10" should be "18") is somewhat similar to that contemplated by Article 4506, that is, an examination de novo in its broadest sense." Application for writ of error was "Refused." While the constitutionality of section 18 was not discussed, it is unlikely the Supreme Court would have refused the application if it were in doubt as to the constitutionality of the section.

In State By and Through State Board of Morticians v. Cortez, Tex., 333 S.W.2d 839, the court construed the appeal statute involving orders by the State Board of Morticians which provided that upon appeal the trial shall be de novo, as in the case of an appeal from justice court to the county court. The court held that the substantial evidence rule did not apply. The court assumed, but did not decide, that the statute was constitutional.

In Davis v. City of Lubbock, Tex., 326 S.W.2d 699, 713, the court had before it the Urban Renewal Law which provided for a de novo trial as in an appeal from justice court to county court. It was held that the particular question presented was a legislative one, political in nature, and that the appealing provision as "applied to these facts" was unconstitutional. The opinion

added, "It is not necessary, however, for us to declare Section 17 unconstitutional in its entirety or as it might apply to other facts or questions."

In Wolf v. Young, Tex.Civ.App., 277 S.W.2d 744, 746, the court held: "Executive and legislative matters, political matters and matters of policy, in the absence of personal or vested property rights, special provision by the Legislature, or some violation of the constitution, are free from judicial control."

In the instant case both vested property rights and a provision of the Legislature are present.

■ Where the legislative branch has expressly provided for review by the courts, it must clearly appear that the review exceeds judicial authority before the legislation will be held to transcend constitutional bounds. Ashford v. Goodwin, 103 Tex. 491, 131 S.W. 535; Koy v. Schneider, 110 Tex. 369, 218 S.W. 479, 221 S.W. 880; Smith v. Patterson, 111 Tex. 535, 242 S.W. 749.

■ It has been held by the Supreme Court "The exercise of this jurisdiction by the courts is not in derogation of the separation of powers among the three branches of government but, on the contrary, is calculated directly to uphold and preserve that principle." Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664, 666. Also, a statute under constitutional attack is to be construed valid if reasonably possible. County of Cameron v. Wilson, Tex., 326 S.W.2d 162; Duncan v. Gabler, 147 Tex. 229, 215 S.W.2d 155; Newton Lumber Co. v. Newton County Water Supply Dist., Tex.Civ.App., 328 S.W.2d 461.

The appeal provision concerning orders from the State Board of Water Engineers was held in Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619, 623, to provide a "hybrid type of trial" in the same suit and would lead to an impossible situation, hence void.

In the course of the opinion the court stated, however, that "Courts are reluctant to strike down a legislative act because of conflicting or vague provisions. The general rule is that inconsistencies will be resolved, if possible, in order to give effect to the dominant legislative intent manifested by a statute."

■ While section 18 did not use the words "de novo", we think the very language used made clear that the dominant intent of the Legislature was to provide a full and complete new trial in the district court. This intent is evidenced by the language "as though the jurisdiction of the district court were original", and the further provision that "all matters which were, or might have been, presented in the Commissioners' Court, and as well the validity * * * and the regularity of all precedent proceedings, may be contested in the district court, and the court shall apply * * * its full legal and equitable powers * * *." We have no doubt the Legislature intended for the parties to have a full, complete and new trial in the district court and such trial is not limited to the substantial evidence rule. In the words of City of Corpus Christi v. Cartwright, supra, it provides for a de novo trial "in its broadest sense." [288 S.W.2d 839] See also State Board of Ins. Com'rs of Texas v. Fulton, Tex. Civ.App., 229 S.W.2d 652.

■ In view of the vested property rights of the parties involved in the creation of a water control district, the constitutional appellate jurisdiction and general supervisory control over the Commissioners Court by the district court, the rule of law that legislative acts are to be construed valid if reasonably possible and the clear meaning of the section under attack, we hold that section 18, as applied to the fact situation before us, is not unconstitutional.

The trial court did not err in ruling that the substantial evidence rule did not apply.

Affirmed.