**CONTINENTAL LEASING CORPORATION, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 11433.**

Court of Civil Appeals of Texas.

Austin.

Nov. 16, 1966.

Rehearing Denied Dec. 6, 1966.

Locke, Purnell, Boren, Laney & Neely, John D. Crawford and J. L. Shook, Daugherty, Bruner & Lastelick, Jerry Lastelick, Dallas, for appellant.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, 1st Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., H. Grady Chandler, Marietta McGregor Payne, Mario Obledo, Terry Reed Goodman, Asst. Attys. Gen., Austin, for appellee.

ARCHER, Chief Justice.

This is a venue suit. The State of Texas, acting by and through Robert S. Calvert, Comptroller of Public Accounts of the State of Texas, brought suit against the defendants, U. S. Equipment Corporation and Earl W. Nunnally, for the purpose of collecting a debt for tax, penalty and interest owing to the State of Texas and joined in the appellant, alleging that it had acquired property from U. S. Equipment Corporation and Earl W. Nunnally by a purchase transaction and that appellant's claim of right, title or interest in or to said property is subordinate to the State's lien alleged to be first and prior to any and all liens or contracts, statutory, legal or equitable, regardless of the time such liens originated by virtue of the provisions of Articles 1.07, 1.07A and 1.07B, Chapter 1, Title 122A, Taxation-General, Revised Civil Statutes, V.A. T.S., as amended. Appellant's amended plea of privilege which specifically pointed out to the trial court the unconstitutionality of the articles upon which the State relied was overruled and appellant has duly, timely and properly perfected its appeal.

The appeal is predicated on two points and are as follows:

"First Point: The trial court erred in overruling appellant's plea of privilege for the reason that Article 20.09(G), Chapter 20, Title 122A, R.C.S., Acts of the 58th Legislature, Chap. 138, p. 371, H.B. No. 106, and the Act which it amended viz. Acts of the 57th Legislature, 1st Called Session, Chap. 24, p. 71, H.B. No. 20, and Article 1.04, Chap. 1, Title 122A, Acts of the 56th Legislature, Third Called Session, Chap. 1, p. 187, H.B. No. 11 are unconstitutional in that the captions thereof fail to contain any reference to venue in Travis County or anywhere else and such failure to contain such reference of fixing venue

in Travis County, Texas, in said captions is in violation of Art. 3, Sec. 35 of the Constitution of the State of Texas. Second Point: The trial court erred in overruling appellant's plea of privilege for the reason that Article 1.07, Title 122A, Taxation-General, R.C.S., Acts of the 57th Legislature, First Called Session [Regular Session], 1961, Chapter 104, p. 201, H.B. No. 104 [122] is unconstitutional as to all provisions dealing with 'liens' on personal property because the caption thereof contains no reference to liens on personal property or the method of creating liens on personal property, or the sequence, priority or any other reference to liens on personal property, and such failure to contain such reference of creating a preferred lien on personal property in favor of the State was in violation of Article III, Section 35 of the Constitution of the State of Texas."

Appellant raised the unconstitutionality of the various statutes involved in its amended plea of privilege.

Appellee takes the position that the question of the constitutionality of the lien established by the Acts could not be determined on a plea of privilege hearing, and that after the proper venue has been ascertained, a trial will determine the issue of the constitutionality of the lien on the trial on the merits.

■ The want of jurisdiction of the trial court is not to be considered in a plea of privilege hearing.

Downing v. Slattery, Tex.Civ.App., 144 S.W.2d 371, error dism.

Magnolia Petroleum Co. v. State, Tex. Civ.App., 190 S.W.2d 581, n. w. h.

■ We believe that the trial court properly overruled appellant's plea of privilege and that the captions of H.B. 106, Acts of the 58th Legislature, Regular Session 1963; and H.B. No. 20, Acts of the 57th Legislature, First Called Session 1961;

and H.B. No. 11, Acts of the 56th Legislature, Third Called Session 1959, complied with the provisions of Article III, Section 35, of the Vernon's Ann.St. Texas Constitution and gave sufficient notice that the venue of the tax suits provided for therein is in Travis County.

Article 1.04, Chapter 1, Title 122A, Taxation-General, R.C.S., provides, without copying in full, that all taxes except ad valorem, shall be recovered by the Attorney General in a suit brought by him in the name of the State of Texas,—venue—of all suits—is conferred upon the courts of Travis County.

This Article was enacted as a part of H.B. 11, p. 187, Acts of the 56th Legislature, Third Called Session, 1959. The caption reads, in part:

"An Act revising and rearranging certain Statutes of Title 122 * * *; providing procedures for the administration and enforcement of such taxes and penalties for violations thereof; * * * providing for rules and regulations for administration; * * *"

Article 20.09(G) (1) Chapter 20, Title 122A, Taxation-General, Revised Civil Statutes of Texas, reads in part as follows:

"(G) Judgment for Taxes.

(1) Comptroller May Sue. * * * in a court of competent jurisdiction in Travis County, Texas, * * *"

This Article was enacted as a part of H.B. No. 20, Chapter 24, p. 71, Acts of the 57th Legislature, First Called Session, 1961, the caption to which bill reads in part as follows:

"An Act to raise revenue * * * so as to impose a limited sales, * * * providing for the administration and enforcement of such tax * * *"

The language of 20.09(G) (1) remained unchanged when the Legislature amended the Limited Sales, Excise and Use Tax

Act by H.B. No. 106, Chapter 138, p. 371, Acts of the 58th Legislature, Regular Session 1963.

The generally accepted rules applicable to the sufficiency of title are stated in 53 Tex.Jur.2d 93–98, Statutes, Sec. 52, in the following language:

"Sec. 52. In general.

Under the constitutional provision that the one subject of a bill shall be expressed in its title, it is apparent that a title should express only one subject. But a title that indicates the general subject of an act and also refers to incidental matters properly contained in the law is not objectionable as containing more than one subject. Nor is a title that is essentially single in subject objectionable if it does not conceal or disguise the real purpose of the act, though the ends intended to be reached through the subject may be many.

As regards its sufficiency, the title of a statute should be such as to give fair indication and reasonable notice of the object, purpose, scope, and subject matter of the law, so as to prevent the mischiefs against which the constitution seeks to guard.

A title is sufficient to authorize the inclusion in the body of the act of any provision within its scope when the main subject or ultimate object of the act is clearly, definitely, fairly and fully, expressed, that is, expressed as well as can reasonably be expected in a brief and general statement. If the general and ultimate subject of an act, as a whole, is to be found within the wording of the title, it will support not only provisions that are components of the general subject, but also those that are reasonably connected, germane, incidental, and relevant to that subject."

In Central Education Agency v. Independent School District, 152 Tex. 56, 254 S.W.2d 357 (1953), wherein the Supreme Court stated at page 361:

" 'The rule is universal that the courts will not declare an act of the Legislature unconstitutional, unless such infirmity and vice clearly appears. Indeed this rule is necessary, and evidences that respectful regard in which the judicial should hold the legislative department of our government'. Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 277, 151 A.L.R. 1217; Koy v. Schneider, 110 Tex. 369, 218 S.W. 479, 221 S.W. 880; Cooley on Const. Lim., 8th Ed., pp. 371, 372; Smith v. Patterson, 111 Tex. 535, 242 S.W. 749, 750.

'In order to strike down any provision of this Act the court must be able to point to some specific section of the Constitution which condemns it. The principle is so well established as to call for the citation of no authority that any bill not clearly inhibited by the State Constitution or the higher law of the Federal Constitution may be enacted into valid law by the Legislature'. Jordan v. Crudgington, 149 Tex. 237, 231 S.W.2d 641, 645(5)."

Continental Bus System, Inc. v. Carney, Tex.Civ.App., 310 S.W.2d 676, error ref.

Appellant cites in support of its assertion that the captions are insufficient in this case. Gulf Ins. Co. v. James, 143 Tex. 424, 185 S.W.2d 966.

The caption of Article 1.04 and the captions of the Limited Sales, Excise and Use Tax Act will reveal statements broad enough to sufficiently embrace venue and not contravene the Constitutional provision of Article III, Section 35. Although venue is not mentioned specifically in the captions, venue is clearly germane, incidental to, and a means of carrying into effect the intention of the Legislature for the orderly plan of the State Government to "administer and enforce" the provisions of Title 122A, Taxation-General, by filing

suit for State taxes other than ad valorem in Travis County.

The judgment of the trial court is affirmed.

Affirmed.